IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Quatavious Bivens, | C/A: 9:22-cv-4553-SAL |
| Plaintiff, | |
| v. | |
| Brittany Boyd; A.W. Duffy; Sgt. McClellan; Bryan Stirling, | **ORDER** |
| Defendants. | |

    Plaintiff Quatavious Bivens, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. This matter is before the court on the Report and Recommendation (the "Report") issued by United States Magistrate Judge Molly H. Cherry, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending dismissal of this case. [ECF No. 10.] Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 9. Plaintiff has not filed objections,[1] and the time for doing so has expired.

---

[1] The magistrate judge's R&R was issued on March 22, 2023, and Plaintiff's objections were due by April 5, 2023. [ECF No. 10.] Plaintiff did not file objections. On August 14, 2023, the court received a letter from Plaintiff addressed to the magistrate judge assigned to this case. [ECF No. 12.] In that letter, he alleges that on August 2, 2023, he went outside for recreated and later returned to his cell and found it "destroyed." *Id.* at 1. He alleges that two pages of a § 1983 form that he was filling out were missing. *Id.* Based on his letter, it appears that § 1983 action relates to an incident where one officer jumped on him and another placed his knee on Plaintiff's neck. *Id.* He complained, and his "cup and drinking privileges" were revoked. *Id.* He thus asks for his "legal documents and [his] cup and drinking privileges back." *Id.* He states he needs those documents so he can "continue to finish [his] '1983' to file." *Id.* at 2.
    Based on the court's review, none of the allegations in Plaintiff's letter relate to this case or the magistrate judge's Report. The court cannot construe anything in Plaintiff's letter as objections in this case—they appear to relate to another case entirely—one that has yet to be filed. In the context of this case, there is no relief for Plaintiff for the issues he raises in his letter to the magistrate judge.

1

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, ECF No. 10, and incorporates the Report by reference herein. As a result, this matter is **DISMISSED** without prejudice, without leave to amend, and without issuance and service of process.

**IT IS SO ORDERED.**

October 6, 2023
Columbia, South Carolina

Sherri A. Lydon
United States District Judge